*#You*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AFSCME LOCAL 2186, by its guardian ad litem, PAMELA ROBINSON, PRESIDENT; AFSCME LOCAL 2187, by its guardian ad litem, ROBERT COYLE, PRESIDENT; and AFSCME LOCAL 159, by its guardian ad litem, GREGORY TRUEHEART, PRESIDENT

        Plaintiffs,

v.

THE CITY OF PHILADELPHIA, its Officials, Agents, Employees and Assigns, JIM KENNEY, in his official capacity as Mayor of the City of Philadelphia; Rob Dubow, in his official capacity as Finance Director of the City of Philadelphia; CHRISTIAN DUNBAR, in his official capacity as Treasurer of the City of Philadelphia,

        Defendants.

19   5287

**CIVIL ACTION No. 19-_____**

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (FEDERAL QUESTION)**

**FILED**

**NOV 0 8 2019**

KATE BARKMAN, Clerk
By_____Dep. Clerk

## NOTICE OF REMOVAL

**TO THE CLERK OF THE COURT:**

    **PLEASE TAKE NOTICE** that Defendants the City of Philadelphia, Jim Kenney, Rob Dubow, and Christian Dunbar, by and through undersigned counsel, hereby remove to this Court the state court action described below.

    1.    On or about September 25, 2019, an action was commenced by Plaintiffs in the Pennsylvania Court of Common Pleas for Philadelphia County, captioned as above and assigned case number 19-09-03255.

    2.    Defendants were subsequently served with Plaintiffs' First Amended Complaint on November 4, 2019. Pursuant to 28 U.S.C. § 1446(b), this notice has been timely filed.

    3.    This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(c) in that it arises under the laws of the United States, specifically the Fair Labor Standards Act ("FLSA").

**WHEREFORE**, Defendants the City of Philadelphia, Jim Kenney, Rob Dubow, and Christian Dunbar respectfully request that this action be docketed in the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**CITY OF PHILADELPHIA**
**LAW DEPARTMENT**

DANIEL R. UNTERBURGER
Assistant City Solicitor
Identification No. 324929
1515 Arch Street, 16th Floor
Philadelphia, PA   19102-1595
Tel (215) 683-5080 and Fax (215) 683-5099
daniel.unterburger@phila.gov
*Attorneys for Defendants*

Dated: November 8, 2019

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AFSCME LOCAL 2186, by its guardian ad litem, PAMELA
ROBINSON, PRESIDENT; AFSCME LOCAL 2187, by its
guardian ad litem, ROBERT COYLE, PRESIDENT; and
AFSCME LOCAL 159, by its guardian ad litem, GREGORY
TRUEHEART, PRESIDENT

                    Plaintiff,

    v.

THE CITY OF PHILADELPHIA, its Officials, Agents,
Employees and Assigns, JIM KENNEY, in his official capacity as
Mayor of the City of Philadelphia; Rob Dubow, in his official
capacity as Finance Director of the City of Philadelphia;
CHRISTIAN DUNBAR, in his official capacity as Treasurer
of the City of Philadelphia,

                    Defendants.

**Civil Action No.**

**Court of Common Pleas of
Philadelphia**

September Term, 2019
**Civil Action No. 3255**



**FILED**

NOV 08 2019

KATE BARKMAN, Clerk
By_____Dep. Clerk

## <u>CERTIFICATE OF SERVICE</u>

    I, Daniel Unterburger Assistant City Solicitor do hereby certify that a true and correct copy

of the attached Notice of Removal and attachments have been served upon the following by First

Class Mail, postpaid, on the date indicated below:

TO:  John Bielski, Esquire
      Willig, Williams & Davidson
      1845 Walnut Street – 24th Floor
      Philadelphia, Pa 19103

Date:  <u>11/8/2019</u>

                           Daniel Unterburger
                           Assistant City Solicitor Attorney
                           I.D. No. 324929
                           City of Philadelphia Law Department
                           1515 Arch Street, 16th Floor Philadelphia,
                           PA 19102

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AFSCME LOCAL 2186, by its guardian ad litem, PAMELA ROBINSON, PRESIDENT; AFSCME LOCAL 2187, by its guardian ad litem, ROBERT COYLE, PRESIDENT; and AFSCME LOCAL 159, by its guardian ad litem, GREGORY TRUEHEART, PRESIDENT

     Plaintiff,

   v.

THE CITY OF PHILADELPHIA, its Officials, Agents, Employees and Assigns, JIM KENNEY, in his official capacity as Mayor of the City of Philadelphia; Rob Dubow, in his official capacity as Finance Director of the City of Philadelphia; CHRISTIAN DUNBAR, in his official capacity as Treasurer of the City of Philadelphia,

     Defendants.

Civil Action No._____

Court of Common Pleas of Philadelphia

## <u>NOTICE OF FILING OF REMOVAL</u>

TO;  John Bielski, Esquire
    Willig, Williams & Davidson
    1845 Walnut St., 24th Floor.
    Philadelphia, Pa 19103

   PLEASE TAKE NOTICE THAT on November 6, 2019, defendant, City of Philadelphia, filed in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania a verified Notice of Removal.

   A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk of the Court of Common Pleas

Date: November 8, 2019

          Respectfully Submitted,

          DANIEL UNTERBURGER,
          Assistant City Solicitor
          Attorney I.D. 324929
          City of Philadelphia, Law Department
          1515 Arch Street, 16th Floor
          Philadelphia, Pa 19102
          215-683-5080

1

**EWILLIG, WILLIAMS, AND DAVIDSON**
DEBORAH R. WILLIG, ESQUIRE
Attorney I.D. No. 21507
JOHN R. BIELSKI, ESQUIRE
Attorney I.D. No. 86790
LAUREN M. HOYE, ESQUIRE
Attorney I.D. No. 307411
THOMAS M. GRIBBIN, JR., ESQUIRE
Attorney I.D. No. 203478
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
(215) 656-3600

**Attorneys for Plaintiffs**

*Filed and Attested by the Office of Judicial Records 25 SEP 2019 10:58 am M. BRYANT*

| | |
|---|---|
| AFSCME LOCAL 2186, by its guardian ad litem, PAMELA ROBINSON, PRESIDENT; AFSCME LOCAL 2187, by its guardian ad litem, ROBERT COYLE, PRESIDENT; and AFSCME LOCAL 159, by its guardian ad litem, GREGORY TRUEHEART, PRESIDENT, | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| Plaintiffs, | SEPTEMBER TERM, 2019 |
| v. | NO. |
| THE CITY OF PHILADELPHIA, its Officials, Agents, Employees and Assigns; JIM KENNEY, in his official capacity as Mayor of the City of Philadelphia; ROB DUBOW, in his official capacity as Finance Director of the City of Philadelphia; CHRISTIAN DUNBAR, in his official capacity as Treasurer of the City of Philadelphia, | |
| Defendants. | |

## NOTICE TO PLEAD

### NOTICE

"You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

"YOU SHOULD TAKE THIS PAPER TO YOU LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA COUNTY BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE

One Reading Center
Philadelphia, Pennsylvania 19107
Telephone: (215) 238-6333

### AVISO

"Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias, de plazo al parti de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

"LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE LICENDIADOS DE A PHILADELPHIA
SERVICIO DE REFERENCIA E INFORMACION LEGAL
One Reading Center
Philadelphia, Pennsylvania 19107
Telefono: (215) 238-6333

Case ID: 190903255

**WILLIG, WILLIAMS, AND DAVIDSON**                    **Attorneys for Plaintiffs**
DEBORAH R. WILLIG, ESQUIRE
Attorney I.D. No. 21507
JOHN R. BIELSKI, ESQUIRE
Attorney I.D. No. 86790
LAUREN M. HOYE, ESQUIRE
Attorney I.D. No. 307411
THOMAS M. GRIBBIN, JR., ESQUIRE
Attorney I.D. No. 203478
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
(215) 656-3600

| | |
|---|---|
| AFSCME LOCAL 2186, by its guardian ad litem, PAMELA ROBINSON, PRESIDENT; AFSCME LOCAL 2187, by its guardian ad litem, ROBERT COYLE, PRESIDENT; and AFSCME LOCAL 159, by its guardian ad litem, GREGORY TRUEHEART, PRESIDENT, | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| Plaintiffs, | SEPTEMBER TERM, 2019 |
| v. | NO. |
| THE CITY OF PHILADELPHIA, its Officials, Agents, Employees and Assigns; JIM KENNEY, in his official capacity as Mayor of the City of Philadelphia; ROB DUBOW, in his official capacity as Finance Director of the City of Philadelphia; CHRISTIAN DUNBAR, in his official capacity as Treasurer of the City of Philadelphia, | |
| Defendants. | |

## **COMPLAINT**

## I.    INTRODUCTION

Plaintiffs AFSCME Local 2186, AFSCME Local 2187, and AFSCME Local 159

(collectively "AFSCME Locals" or "Plaintiffs"), by and through their respective Guardians

Ad Litem individually named herein, bring this action on behalf of certain employees of

the City of Philadelphia ("City") who have been subject to widespread payroll errors

for several months after adoption of a new payroll system, called One Philly, depriving

them of wages and other payments which are due and owed to them.

Plaintiffs seek an Order from this Court directing the City to immediately pay all

1

affected employees and the AFSCME Locals all sums which are presently owed to them, and awarding interest to the AFSCME Locals and it members who have been deprived of the use of their money, together with all damages arising from the City's failure to timely and accurately pay its employees and remit the AFSCME Locals dues and negotiated contributions.

Plaintiffs also seek attorneys' fees and costs, and ask this Court to fine the City $10,000 per day until such payroll errors are cured.

Plaintiffs further petition this Court to direct the City to assume the costs of an independent accounting firm, jointly appointed by the AFSCME Locals and the City, to audit the payroll of every bargaining unit member and to issue a final and binding report regarding all wages and other sums owed.

Finally, Plaintiffs petition this Court to appoint a Master or Receiver, with expertise in information systems, to oversee payroll operations within the City until such time that assurances are received that rampant and repeated payroll errors are cured.

## II.     JURISDICTION

1.     This Court has jurisdiction pursuant to Section 931(a) of the Judicial Code.

## III.    PARTIES

2.     Plaintiff AFSCME Local 2186 is an unincorporated labor organization within the meaning of §301 of Act 195 (43 P.S. §1101.101 et seq.) and affiliated with AFSCME District Council 47, the exclusive representative for collective bargaining purposes for bargaining unit employees of AFSCME Local 2186.  These bargaining

2

unit employees include, but are not limited to, the first level supervisors of the City, the Philadelphia Parking Authority, the Philadelphia Housing Authority, and the First Judicial District.  AFSCME Local 2186 maintains its headquarters at 1606 Walnut Street, Philadelphia, PA 19103.

3.     Plaintiff Pamela Robinson ("Plaintiff Robinson") is the Guardian Ad Litem for Plaintiff AFSCME Local 2186 and its President. Plaintiff Robinson's office address at AFSCME Local 2186 is 1606 Walnut Street, Philadelphia, PA 19103.

4.     Plaintiff AFSCME Local 2187 is an unincorporated labor organization within the meaning of §301(3) of Act 195 (43 P.S. §1101.101 et seq.) and affiliated with AFSCME District Council 47-- the exclusive representative for collective bargaining purposes for bargaining unit employees of AFSCME Local 2187.  These bargaining unit employees include, but are not limited to, all administrative, technical, and professional employees of the City, the Philadelphia Parking Authority, and the Philadelphia Housing Authority, and the First Judicial District.  AFSCME Local 2187 maintains its headquarters at 1606 Walnut Street, Philadelphia, PA 19103.

5.     Plaintiff Robert Coyle ("Plaintiff Coyle") is the Guardian Ad Litem for Plaintiff AFSCME Local 2187 and its President.  Plaintiff Coyle's office address at AFSCME Local 2187 is 1606 Walnut Street, Philadelphia, PA 19103.

6.     Plaintiff AFSCME Local 159 is an unincorporated labor organization within the meaning of §301(3) of Act 195 (43 P.S. §1101.101 et seq.) and affiliated with AFSCME District Council 33-- the exclusive representative for collective bargaining purposes for bargaining unit employees of AFSCME Local 159. These

3

bargaining unit employees include, but are not limited to, correctional officers, correctional sergeants, correctional lieutenants, and youth detention counselors, working for the City's Department of Prison.  AFSCME Local 159 maintains its headquarters at 3001 Walnut Street, Philadelphia, PA 19104.

7.      Plaintiff Gregory Trueheart ("Plaintiff Trueheart") is the Guardian Ad Litem for Plaintiff AFSCME Local 159 and its President. Plaintiff Trueheart's office address at AFSCME Local 159 is 3001 Walnut Street, Philadelphia, PA 19104.

8.      Defendant City of Philadelphia ("City") is a City of the First Class within the meaning of the First-Class City Code, 53 P.S. §§ 13101 et seq., and in accordance with the Philadelphia Home Rule Charter, 351 Pa. Code §§ 1.1-100 et seq.  The City also is a public employer within the meaning of the of §301(1) of Act 195 (43 P.S. §1101.101 et seq.).  Included under the rubric of the City government is the Mayor of the City, the Finance Director of the City, and the City Treasurer.

9.      Defendant Jim Kenney ("Mayor Kenney") is the elected Mayor of the City.  His office is at City Hall, Room 215, Philadelphia, PA 19107.  Under the Home Rule Charter, the Mayor appoints agency heads and commissioners for the various departments of City government, including the Director of Finance of the City.  He has ultimate authority over these agencies and departments.

10.     Defendant Rob Dubow ("Defendant Dubow") is the appointed Director of Finance of the City.  His office is at 1401 JFK Boulevard, Municipal Services Building, Room 1330, Philadelphia, PA 19102.  Under the Home Rule Charter, the Mayor appoints the Director of Finance, who serves at the Mayor's discretion and is

4

responsible for the financial, accounting, and budgeting functions of the executive branch of the City, including authorizing and administering the City's payroll.

11.     Defendant Christian Dunbar ("Defendant Dunbar") is the appointed Treasurer of the City.  His office is at 1401 JFK Boulevard, Municipal Services Building, Room 640, Philadelphia, PA  19102.  Under the Home Rule Charter, the Director of Finance appoints the Treasurer of the City with the approval of the Mayor. The City Treasurer serves at the Director of Finance's discretion and is responsible for printing and distributing the checks or initiating electronic transfers authorized by the Director of Finance, including payroll checks.

**IV.     UNPAID WAGES UNDER THE COLLECTIVE BARGAINING AGREEMENTS**

12.     The City and each AFSCME Local are, and have been, parties to a series of collective bargaining agreements or memoranda of understanding ("Agreement" or "Agreements") covering the separate bargaining units, negotiated pursuant to Act 195, which set forth the terms and conditions of employment for City employees represented by those Unions. A copy of the most recent Agreement for each AFSCME Local is attached hereto as Exhibits "A" through "H" and are incorporated herein in its entirety.

13.     The current Agreement between the City and AFSCME Local 2186 covers July 1, 2017 through June 30, 2020, and called for wage increases of three percent (3%) effective July 1, 2017, two-and-a-half percent (2.5%) effective July 1, 2018, and three percent (3%) effective July 1, 2019.  See Exhibit "A."

14.     Copies of the previous Agreement between the City and AFSCME Local 2186, covering July 1, 2009 through June 30, 2017 is attached hereto as Exhibit "B,"

Case ID: 190903255

and incorporated in its entirety.

15.    A copy of the last integrated collective bargaining agreement between the City and AFSCME Local 2186, covering July 1, 1992 through June 30, 1996 is attached hereto as Exhibit "C," and incorporated in their entirety. Exhibits "A," "B," and "C" will be collectively referred to as the "AFSCME Local 2186 Agreement."

16.    The current Agreement between the City and AFSCME Local 2187 covers July 1, 2017 through June 30, 2020, and called for wage increases of three percent (3%) effective July 1, 2017, two-and-a-half percent (2.5%) effective July 1, 2018, and three percent (3%) effective July 1, 2019. See Exhibit "D."

17.    Copies of the previous Agreement between the City and AFSCME Local 2187, covering July 1, 2009 through June 30, 2017 is attached hereto as Exhibit "E," and incorporated in its entirety.

18.    A copy of the last integrated collective bargaining agreement between the City and AFSCME Local 2187, covering July 1, 1992 through June 30, 1996 is attached hereto as Exhibit "F," and incorporated in their entirety. Exhibits "C," "D," and "F" will be collectively referred to as the "AFSCME Local 2187 Agreement."

19.    The current Agreement between the City and AFSCME Local 159 covers July 1, 2017 through June 30, 2020, and called for wage increases of three percent (3%) effective July 1, 2017, three-and-a-quarter percent (3.25%) effective July 1, 2018, and three-and-a-quarter percent (3.25%) effective July 1, 2019. See Exhibit "G."

20.    A copy of the last integrated collective bargaining agreement between the City and AFSCME Local 159, covering July 1, 2014 through June 30, 2017 is attached hereto as Exhibit "H," and incorporated in their entirety. Exhibits "G" and

6

"H" will be collectively referred to as the "AFSCME Local 159 Agreement."

21.    Each respective Agreement expressly recognizes the Philadelphia Home Rule Charter and the Philadelphia Civil Service Regulations.

22.    Through Act 195, the City is legally bound and obligated to comply with the terms of each Agreement.

23.    Each respective Agreement with the City sets forth wage rates for the various job classifications in each bargaining unit. The agreements also include provisions for overtime pay, shift differentials, longevity pay, out-of-classification pay, life insurance benefits, as well as provisions regarding holiday, vacation, and sick leave.

24.    The Philadelphia Home Rule Charter directs the Executive Branch of the City to create a civil service system for all City employees.  Section 7-100 reads in pertinent part:

> The Personnel Director shall prepare, and after their adoption, administer the civil service program under the civil service regulations.  He shall
>
> (a) Establish and maintain a roster of all employees of the City, whether or not in the civil service, in which there shall be set forth, as to each employee, the class title of the position held, the salary or pay, any change in class title, pay or status, and other pertinent data;
>
> (b) In accordance with the position classification plan contained in the civil service regulations upon their taking effect, allocate the position of every employee in the civil service to one of the positions in the plan. He shall afford a reasonable opportunity to be heard to any employee affected by the allocation of a position to a class upon the written request of such employee for reconsideration thereof;
>
> (c) Investigate from time to time the operation and effect of the civil service provisions of this charter and report his findings and recommendations to the Mayor and the Civil Service Commission.

351 Pa. Code § 7-100.

Case ID: 190903255

25.     The Home Rule Charter requires that "[s]alaries of officers and employees who are paid out of the City Treasury shall be paid in equal bi-weekly installments." 351 Pa. Code § 20-301.

26.     The Home Rule Charter assigns the duty of transmission of payroll checks to the City Treasurer when such checks are authorized by the Director of Finance.  It states in pertinent part:

> Payroll checks are to be delivered to the officer or agency on whose requisition they were drawn to assure their delivery to the person who allegedly performed the services and that the services were in fact performed. The delivery of all other checks is made subject to the direction of the Director of Finance so that he can from time to time prescribe that method of delivery which will best protect the interests of the City and the rightful payee. Unless the Director of Finance prescribes otherwise, the Treasurer may deliver or mail checks to payees.

351 Pa. Code § 6-301(2).

27.     Pursuant to the Home Rule Charter, the City has adopted a pay plan for all employees which expressly acknowledges that the contents thereof, including specific salaries, are subject to the "applicable collective bargaining agreements." 351 Pa. Code § 22-105(4.1).

28.     The Home Rule Charter assigns the duty to implement payroll deductions and withholding from employee payroll checks to the Director of Finance. It states in pertinent part:

> The Director of Finance shall, as authorized or directed from time to time by the Code, deduct and withhold from the salary or wages of any employee of the City, such sum as the employee may authorize, or as may be directed by the Code and shall pay over such deductions to the designated payee.

351 Pa. Code § 19-203(1).

8

29.    The Home Rule Charter specifically authorizes payroll deductions to AFSCME District Council 33, AFSCME District Council 47, the Board of Pensions and Retirement, and charitable agencies approved by the Administrative Board, and life insurance for employees represented by AFSCME District Council 33 and AFSCME District Council 47.  See §§ 19-203(4)(a), 19-203(4)(i), and 19-203(5).

30.    The Home Rule Charter also provides that bargaining unit members of the AFSCME Locals may authorize payroll deductions for the purchase of life insurance. See §§ 19-203(9), 19-203(12).

31.    Plaintiffs have an interest and a duty to police the wage provisions of each respective Agreement and in upholding those statutorily and constitutionally protected rights conferred on their members by the agreements. The AFSCME Locals also have an interest and a duty to ensure that the City does not violate any law and fulfills its statutory and constitutional obligations owed to the City employees represented by each Plaintiff Union.

32.    On information and belief, the City has recently spent over $44 million to purchase and operate a new computer system called One Philly to perform certain administrative and operational functions, including payroll.

33.    On or about the beginning of April 2019, the City began employing One Philly to do payroll for the bargaining unit employees of the AFSCME Locals. Since its introduction and until the present, the City has failed to properly pay employees in these bargaining units, thus depriving them of wages and other payments owed and due to them pursuant to each respective agreement. The City also refused or failed to properly make, in the proper amount or at all, authorized deductions to bargaining unit employees' paychecks, including

9

deductions for union membership dues. These very serious payroll problems have resulted in many City employees being underpaid, incorrectly paid, or not paid at all, for several pay periods.

34.     The payroll problems are widespread, affecting many, if not most, of the members of the AFSCME Locals, including many employees in the lowest wage classification who can ill afford being deprived of their wages owed and due to them under the applicable collective bargaining agreement.

35.     Such errors have occurred on a repeated basis in each pay period since the beginning of April 2019 and include but are not limited to the following categories of pay deficiencies: Failure to pay employees for work performed to date as well as failure to pay, or properly pay, contractual monies due and owing for overtime, longevity, out-of-classification pay, and shift differential.

36.     The City has committed the following violations related to failure to pay employees for work performed.

37.     The City has failed or refused to pay employees in a timely manner or at all.

38.     The City has failed or refused to calculate and pay employees at the appropriate pay rates. These include, but are not limited to, the following:

- AFSCME Local 2187 bargaining unit employees, some of whom have not received the contractual annual pay increase.

39.     The City has failed or refused to pay overtime or use the correct overtime rates in making overtime payments, including, but not limited to, the following individuals:

- Maurice Hunt, AFSCME Local 159 member.

Case ID: 190903255

- Anthony Sample, AFSCME Local 159 member.

- Terrance Carter, AFSCME Local 2186 member.

- Jama Bouy, AFSCME Local 2186 member.

- Thomas Kolb, AFSCME Local 2186 member.

The City also has failed or refused to pay some overtime based on its decision to close payroll on a Monday, but to not include time worked in the weekend proceeding the close.

40.     The City has failed or refused to properly calculate and pay longevity pay to bargaining unit employees of the AFSCME Locals, including, not limited to, the following individuals:

- Karen White, AFSCME Local 159 member.

41.     The City has failed or refused to pay wages to employees returning to work after extended absences.

42.     The City has failed or refused to pay holiday pay, or, in cases where payments have been made, the City has incorrectly calculated the rate, including, but not limited to, the following:

- DeAndrew Gant, AFSCME Local 159.

- Shegu Zachariah, AFSCME Local 159.

43.     The City has failed or refused to pay bargaining unit employees at the correct pay step.

44.     The City has failed or refused to pay bargaining unit employees of the AFSCME Locals the proper shift differential or out-of-classification pay, including, but not limited to, the following individuals:

11

Case ID: 190903255

- Shegu Zachariah, AFSCME Local 159 member.

- Melinda Su, AFSCME Local 2186 member.

45.     The City has failed or refused to properly calculate and deduct amounts for union dues.  In some cases, the City's failure or refusal resulted in no dues deductions taken out or dues deductions well in excess of the amount due and owing by the bargaining unit employee.

- Cheryl Grandy, AFSCME Local 2186.

- Joseph Irrera, AFSCME Local 2186.

- Sara Anderson, AFSCME Local 2186

46.     The City has improperly deducted union dues from bargaining unit employees who are not members of the AFSCME Locals.

47.     The City has failed or refused to deduct medical premium deductions for bargaining unit employees of the AFSCME Locals, sometimes resulting in the employee not having medical insurance.

48.     The City has failed or refused to accurately calculate and report year-to-date earnings on employee pay stubs.

49.     The City has failed or refused to accurately calculate and report the current amount of paid time off a bargaining unit employee of the AFSCME Locals possesses, resulting in some employees fearful to take leave time as it may result in a determination that the employee is AWOL.

- David Wilson, AFSCME Local 2187 member.

50.     The City has also failed to properly calculate and implement employee payroll deductions and withholding of tax.

12

Case ID: 190903255

51.     Employees represented by each AFSCME Local have been subjected to late fees, bank charges and additional interest assessments from creditors whom they have been unable to pay because of these repeated payroll errors.

52.     Because of the City's continuing inability or unwillingness to meet its obligation to timely and accurately pay the bargaining unit employees of the AFSCME Locals, Plaintiffs' professional staff have spent hundreds of hours attempting to reconcile the endless stream of payroll problems, to no avail.

53.     The City's failure to meet its payroll obligations has left the AFSCME Locals unable to determine whether dues has been appropriately collected and deposited.

54.     On information and belief, Plaintiffs state that the City has sufficient cash on hand to meet its payroll obligations for all its employees.  The AFSCME Locals have been repeatedly promised that the payroll problems will be cured. However, with each new pay period the number and magnitude of the problems increase.

55.     Therefore, it is obvious that the City cannot state whether or when its One Philly system errors will be corrected and is unable to state when the affected employees will be paid all sums owed and due to them.

56.     Nor can the City guarantee that such errors will not recur with each new pay period.

57.     If the City does not immediately pay all of the sums which are due to its employees, many of these employees will suffer extreme financial hardship. Economic necessity could compel these employees to quit their jobs with the City in order to obtain a stable source of income and thereby lose their expectation of

13

continued employment, pension and health and welfare contributions, and other employment benefits associated with their employment with the City.   Such employees will suffer a break in service and will lose the years of seniority they have accrued with the City.

58.   The City's failure to comply with the wage provisions of the recently negotiated agreements with AFSCME Locals undermines their integrity and diminishes their credibility in the eyes of their members, thereby interfering with the Plaintiffs' relationship with their members.

59.   The City's failure to pay the employees in accordance with the terms of the respective collective bargaining agreements violate those Agreements and is contrary to the City's own regulations.

60.   The AFSCME Locals have repeatedly advised the City that under their Agreements and the Home Rule Charter, it is obligated to pay all affected employees the sums presently owed and due and to implement payroll deductions consistent with the authorizations of affected members.

61.   The AFSCME Locals have further demanded that these sums be paid immediately.   Despite having received this demand, the City has failed, refused and neglected to guarantee that it will comply with its legal and ministerial duty to pay its employees in accordance with the terms of each Agreement.

## COUNT 1

62.   Plaintiffs hereby incorporate Paragraphs 1 through 61 herein as though set forth in their entirety.

63.   The City is subject to a non-discretionary duty to under the Home Rule

Charter and the regulations promulgated thereunder to timely pay employees' wages which are owed and due, and to deduct and withhold from payroll checks amounts authorized by employees.

64.    The City has breached this duty by its persistent failure and refusal to pay employees and administer payroll deductions, despite months of protests by the AFSCME Locals and its members.

65.    The City does not claim it cannot afford to pay employees wages that are due and owed, or to administer payroll deductions, nor could it do so.

66.    The City does not offer any other reason to justify its failure to timely and accurately pay its employees and administer payroll deductions, or claim that doing so is impossible or impracticable, nor could it do so.

67.    Plaintiffs have a clear legal right to have the City fulfill its pay and payroll deduction obligations to the AFSCME Locals and the employees they represent.

68.    Where a political subdivision breaches a nondiscretionary duty to perform a ministerial function, mandamus is appropriate as a matter of law.

69.    Plaintiffs and the employees they represent have no other adequate remedy at law but to compel the City to discharge its legal duty.

70.    Based on the averments in the Complaint, the right of Plaintiff to judgment is clear.

**WHEREFORE**, based on the foregoing allegations, Plaintiffs request the Court to order the following relief:

      a.   Order the Defendants to immediately withhold all sums authorized to be deducted from the paychecks of employees represented by the AFSCME Locals, and to remit to the AFSCME Locals, as applicable;

Case ID: 190903255

b.  Order the Defendants to pay any unpaid salary or wages, including regular wages, overtime, differentials, longevity, out-of-class pay, and any other compensation, together with interest calculated at the prevailing rate for their delay in paying such wages;

c.  Order payments to the Plaintiffs and all affected employees for all damages emanating from Defendants' failure to pay, deduct and withhold salaries or wages, including interest, late fees and bank charges;

d.  Fine the City $10,000 per day until such time that the City can assure this Court that the payroll errors are cured.

e.  Order the City to assume the costs of an independent accounting firm, jointly appointed by the City and the AFSCME Locals, to audit the payroll of each bargaining unit member and to issue a final and binding report regarding the wages owed to the bargaining unit.

f.  Order the appointment of an Independent Master, with information systems expertise, to oversee the payroll functions of the City;

g.  Award Plaintiff reasonable attorneys' fees and costs; and

h.  Grant such other relief as may be deemed appropriate.

[Signature Page Follows]

16

Case ID: 190903255

Respectfully submitted,

**WILLIG, WILLIAMS & DAVIDSON**

BY:     <u>s/ John R. Bielski, Esquire</u>
DEBORAH R. WILLIG, ESQUIRE
Attorney I.D. No. 21507
JOHN R. BIELSKI, ESQUIRE
Attorney I.D. No. 86790
LAUREN M. HOYE, ESQUIRE
Attorney I.D. No. 307411
THOMAS M. GRIBBIN, JR., ESQUIRE
Attorney I.D. No. 203478
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
(215) 656-3600

Attorneys for AFSCME Locals

Dated: September 25, 2019

17

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

19-CV-5287

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
AFSCME LOCAL 2186, by its guardian ad litem, PAMELA ROBINSON, PRESIDENT; AFSCME LOCAL 2187, by its guardian ad litem, ROBERT COYLE, PRESIDENT; and AFSCME LOCAL 159, by its guardian ad litem, GREGORY TRUEHEART, PRESIDENT

## DEFENDANTS
THE CITY OF PHILADELPHIA, its Officials, Agents, Employees and Assigns, JIM KENNEY, in his official capacity as Mayor of the City of Philadelphia; Rob Dubow, in his official capacity as Finance Director of the City of Philadelphia; CHRISTIAN DUNBAR, in his official capacity as Treasurer of the City of Philadelphia

(b) County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
John Bielski Esquire
Willig, Williams and Davidson
1845 Walnut St, 24th Floor Philadelphia PA, 19103

Attorneys *(If Known)*
Daniel Unterburger, Esquire
1515 Arch St., 16th Floor
Philadelphia PA, 19102

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | ☐ 340 Marine | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court |
| ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| ☐ 8 Multidistrict Litigation - Direct File | |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. 1331, 1441
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE
11/08/2019
SIGNATURE OF ATTORNEY OF RECORD

NOV - 8 2019

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

19   5287

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1845 Walnut St., 24th Floor, Philadelphia, PA 19103

Address of Defendant: 1515 Arch St., 16th Floor, Philadelphia, PA 19102

Place of Accident, Incident or Transaction: _____

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/08/2019   _____   324929
   *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

CIVIL: (Place a √ in one category only)

**A.   Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
   *(Please specify):* FLSA

**B.   Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Daniel Unterburger , counsel of record *or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

NOV - 8 2019

DATE: 11/08/2019   _____   324929
   *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

19    5287

AFSCME LOCAL 2186, by its guardian ad litem, PAMELA ROBINSON, PRESIDENT; AFSCME LOCAL 2187, by its guardian ad litem, ROBERT COYLE, PRESIDENT; and AFSCME LOCAL 159, by its guardian ad litem, GREGORY TRUEHEART, PRESIDENT,

      **v**    **Plaintiffs,**

THE CITY OF PHILADELPHIA, its Officials, Agents, Employees and Assigns; JIM KENNEY, in his official capacity as Mayor of the City of Philadelphia; Rob Dubow, in his official capacity as Finance Director of the City of Philadelphia; CHRISTIAN DUNBAR, in his official capacity as Treasurer of the City of Philadelphia,

        Defendants.

**CIVIL ACTION**

**Court of Common Pleas**

**Philadelphia County**

No: 190903255

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be  assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through  § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of   Health and Human Services denying plaintiff Social  Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage   from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of  special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the   other tracks.  (X)

November 8, 2019
**Date**

**Attorney-at-law**

215-683-5080
**Telephone**

215-683-5099
**FAX Number**

(Civ. 660) 10/02

NOV -8 2019